# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

DAVID ERWIN                                                                                       PLAINTIFF

v.                              NO. 3:17-cv-00333 JM/PSH

LYNDON SOUTHERN INSURANCE COMPANY                                  DEFENDANTS
and SANTANDER CONSUMER USA

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

<u>FINDINGS AND RECOMMENDATION</u>

Plaintiff David Erwin ("Erwin") began the case at bar by filing a <u>pro se</u> complaint pursuant to 28 U.S.C. 1332 and joining defendants Lyndon Southern Insurance Company ("Southern") and Santander Consumer USA ("Santander"). In the complaint, he appeared to allege that he purchased an automobile on March 23, 2017, and obtained insurance coverage for the automobile from Southern. The automobile was stolen the following day. When it was eventually located, it was on fire. He apparently filed a claim with Southern, but the claim was denied. Santander's involvement in the events giving rise to the complaint at bar is not clear. Erwin appeared to allege that the Vehicle Identification Number ("VIN") and year model of the automobile he purchased do not match the VIN and year model of the automobile that was stolen. He appeared to allege that Santander is to blame for the discrepancy. The defendants have been served with a copy of Erwin's complaint, but they have not yet filed answers or otherwise responded to the complaint.

Erwin has now filed the pending motion for preliminary injunction. In the motion, he appears to allege, in full, the following: "Asking for all payments and all information to be put on hold. Because wrong car was used to file claim and Santander nor Lyndon Southern would contact either." <u>See</u> Docket Entry 5 at CM/ECF 1. The motion was not accompanied by a brief or any supporting documents. There is no indication that the defendants have been served with a copy of the motion.

The granting of injunctive relief is an extraordinary remedy, and the burden of

-2-

establishing the propriety of such relief is on the moving party. See <u>Watkins, Inc. v. Lewis</u>, 346 F.3d 841 (8th Cir. 2003). Although the basis of injunctive relief has always been "irreparable harm and inadequacy of legal remedies," see <u>Beacon Theatres, Inc. v. Westover</u>, 359 U.S. 500, 50-507 (1959), the following four factors must be balanced in determining whether injunctive relief is warranted: 1) the likelihood of the moving party's success on the merit, 2) the threat of irreparable harm to the moving party in the absence of injunctive relief, 3) the state of balance between that harm and the injury that granting injunctive relief would inflict upon the other parties, and 4) the public interest. See <u>Dataphase Systems, Inc. v. C.L. Systems, Inc</u>., 640 F.2d 109 (8th Cir. 1981).

The threat of irreparable harm to Erwin is not immediately apparent. This litigation appears to involve the loss of an automobile and/or the failure to pay an insurance claim. Monetary damages can compensate Erwin for any loss. The likelihood of his success on the merits is unclear, particularly in light of the scant record now before the undersigned. The defendants' positions are also unclear as neither defendant has filed an answer to the complaint nor responded to the motion for preliminary injunction. The state of balance between the harm suffered by Erwin and the injury that granting injunctive relief will inflict upon the defendants would be greatly altered by granting the requested relief. Without a more fully developed record, the undersigned is hesitant to interfere in what appears to be a fairly routine insurance matter.

On the basis of the foregoing, the undersigned is not persuaded that preliminary

relief is warranted. It is therefore recommended that Erwin's motion for preliminary injunction be denied.[1]

DATED this 19th day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] As an alternative basis for denying Erwin's motion for preliminary injunction, it should be denied because he failed to accompany it with a brief as required by Local Rule 7.2.