IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DAVID ERWIN                                                                                                PLAINTIFF

v.                                    NO. 3:17-cv-00333 JM/PSH

LYNDON SOUTHERN INSURANCE COMPANY                                       DEFENDANTS
and SANTANDER CONSUMER USA

ORDER

Plaintiff David Erwin ("Erwin") began the case at bar by filing a pro se complaint pursuant to 28 U.S.C. 1332 and joining defendants Lyndon Southern Insurance Company ("Lyndon Southern") and Santander Consumer USA ("Santander"). The defendants have now filed separate motions to dismiss, see Docket Entry 9, 11, and have submitted exhibits in support of their motions. In the motions, the defendants maintain that the Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000.00. They therefore maintain that Erwin's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1). The defendants alternatively maintain that the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim upon which relief can be granted.[1]

---

[1] The defendants offer different reasons for requesting the dismissal of the complaint pursuant to Rule 12(b)(6). Lyndon Southern maintains that the complaint should be dismissed because "the 2014 Kia Optima was not an automobile covered by ... Erwin's insurance policy with Lyndon Southern on the date of loss and, even if it were, coverage was excluded as the keys were left in the automobile at the time of the alleged theft." See Docket Entry 9 at CM/ECF 1. Santander maintains that the complaint should be dismissed because any dispute between Erwin and Santander is governed by a valid, enforceable arbitration agreement.

The Court does not know at this time what disposition will be made of the defendants' motions to dismiss or whether their exhibits will be considered in resolving the motions. Out of an abundance of caution, the Court will treat the defendants' motions as ones for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Federal Rule of Civil Procedure 12(d).[2] The parties are given up to, and including, February 16, 2018, to present all materials that are pertinent to the defendants' now motions for summary judgment.

IT IS SO ORDERED this 26th day of January, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] Rule 12(d) provides, in full, the following: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." The Court recognizes that the requirements of Rule 12(d) do not apply to a motion filed pursuant to Rule 12(b)(1), but it is best to simply treat the motions as ones for summary judgment pursuant to Rule 56.