IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DAVID ERWIN                                                                                                  PLAINTIFF

v.                                        NO. 3:17-cv-00333 JM/PSH

LYNDON SOUTHERN INSURANCE COMPANY                                       DEFENDANTS
and SANTANDER CONSUMER USA

ORDER

Plaintiff David Erwin ("Erwin") began the case at bar by filing a pro se complaint pursuant to 28 U.S.C. 1332 and joining defendants Lyndon Southern Insurance Company ("Lyndon Southern") and Santander Consumer USA ("Santander"). On January 24, 2018, Santander filed a motion to dismiss, which was later construed as one for summary judgment. On February 8, 2018, a stipulation for dismissal with prejudice was filed. The stipulation was signed by Erwin and the attorney for Santander and provided the following:

> IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff David Erwin and Defendant Santander Consumer USA Inc. that Plaintiff's claims against Defendant Santander Consumer USA Inc. may be, and hereby are, dismissed on their merits with prejudice and without the award of costs, fees, or any other amount to any party. Plaintiff's claims against Defendant Lyndon Southern Insurance remain pending.

See Docket Entry 21. On February 13, 2018, United States District Judge James M. Moody, Jr., entered an order by text entry and deemed Santander's motion to be moot in light of the stipulation. See Docket Entry 24.

On March 5, 2018, Erwin filed a one page document that the Clerk of the Court construed as an objection to the stipulation for dismissal with prejudice. In the document, Erwin represented the following: "I David Erwin contest Document #21, reason being [that their] lawyer did not hold up to [their] agreement. We did not settle as they said they would do the things, and they did not do it." See Docket Entry 27.

Santander filed a response to Erwin's submission. In the response, Santander represented the following:

> Plaintiff and [Santander] agreed to mutually beneficial settlement terms pursuant to a mutually executed confidential settlement agreement ("Settlement Agreement"). Following completion of certain obligations under the Settlement Agreement, Plaintiff and [Santander] agreed to, and filed, the mutually executed Joint Stipulation of Dismissal with Prejudice on February 8, 2018 ("Stipulation") (Doc. 21).
>
> As a result of the Stipulation, Plaintiff's claims against [Santander] were fully and finally dismissed. On February 13, 2019, the Court noted the finality of the Stipulation, holding in a subsequent Docket Order that [Santander's] Motion to Dismiss was "moot in light of the parties' joint stipulation of dismissal." (Doc. 24).
>
> Therefore, Plaintiff's "Objection" to Joint Stipulation for Dismissal with Prejudice, filed nearly a month after the Stipulation, is untimely, without merit, and without any legal force or effect.

See Docket Entry 28 at CM/ECF 1-2.

Erwin's March 5, 2018, submission is not a model of clarity and is bereft of facts. It is possible to construe the submission to mean that he did not settle his claims against Santander, notwithstanding his signature on the stipulation for dismissal with prejudice. It is also possible to construe Erwin's submission as an attempt to enforce the settlement agreement he may have entered into with Santander. Regardless of how the submission is construed, it is supported by no facts.

2

Before making any recommendation on Erwin's March 5, 2018, submission, the Court wishes to know how it should be construed. Erwin is given up to, and including, March 19, 2018, to clarify his submission and explain how it should be construed, i.e., either to mean that he did not settle his claims against Santander, notwithstanding his signature on the stipulation for dismissal with prejudice, or as an attempt to enforce the settlement agreement he may have entered into with Santander. In addition, he is directed to present every fact supporting his request. His obligation to clarify his submission and present every fact supporting his request does not relieve him of his obligation to file all materials pertinent to Lyndon Southern's motion for summary judgment by March 16, 2018.

IT IS SO ORDERED this 9th day of March, 2018.

_____
UNITED STATES MAGISTRATE JUDGE