IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION


DAVID ERWIN                                                                                           PLAINTIFF


v.                                     NO. 3:17-cv-00333 JM/PSH


LYNDON SOUTHERN INSURANCE COMPANY                                    DEFENDANTS
and SANTANDER CONSUMER USA


FINDINGS AND RECOMMENDATION


INSTRUCTIONS


The following proposed Findings and Recommendation have been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

INTRODUCTION. Defendant Lyndon Southern Insurance Company ("Lyndon Southern") has filed the pending motion for summary judgment. See Docket Entry 9.[1] Plaintiff David Erwin ("Erwin") has filed a document that has been construed as an objection to the stipulation for dismissal with prejudice he entered into with defendant Santander Consumer USA ("Santander"). See Docket Entry 27. For the reasons that follow, the undersigned recommends that Lyndon Southern's motion for summary judgment be granted. The undersigned also recommends that Erwin's objection to the stipulation be overruled. This case should be dismissed without prejudice, and judgment should be entered for Lyndon Southern and Santander.

PLEADINGS. Erwin began this case by filing a pro se complaint pursuant to 28 U.S.C. 1332 and joining Lyndon Southern and Santander. Erwin alleged in the complaint that he purchased an automobile on March 23, 2017, an automobile that he later identified as a Kia Optima. The following day, the automobile was stolen.[2] When it was eventually located, it was on fire. He filed a claim for insurance proceeds with Lyndon Southern, but the claim was denied. Santander's involvement in the events giving rise to his complaint was not clear. The complaint did not contain a prayer for relief; instead, that portion of his complaint was left blank.

---

[1]     The motion was initially filed as one to dismiss pursuant to Federal Rule of Civil Procedure 12 but was later construed as one for summary judgment pursuant to Federal Rule of Civil Procedure 56. The latter rule provides, in part, that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

[2]     Erwin also alleged that the Vehicle Identification Number ("VIN") and year model of the automobile he purchased did not match the VIN and year model of the stolen automobile.

Erwin thereafter filed a motion for preliminary injunction. The undersigned recommended that it be denied. He objected to the recommended disposition, and his objections are noteworthy for the following representations: "I did file for punitive damages and time involved and my $18,500 in paperwork, and I ask for the full amount of $75,000.00, plus my car." See Docket Entry 17 at CM/ECF 1. United States District Judge James M. Moody, Jr., adopted the recommended disposition and denied the motion for preliminary injunction.

Lyndon Southern and Santander subsequently filed separate motions to dismiss and joined their motions with several exhibits. See Docket Entry 9, 11. In the motions, they maintained that Erwin's complaint should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). They so maintained because the amount in controversy did not exceed $75,000.00. They also maintained that the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it failed to state a claim upon which relief can be granted. Lyndon Southern so maintained because the stolen Kia Optima was not an automobile covered by an insurance policy with Lyndon Southern on the date of the loss and, even if it were, coverage for the automobile was excluded because the keys were left in the automobile at the time of the theft.

The undersigned briefly reviewed the motions to dismiss and could not determine at that time whether the exhibits would be considered in resolving the motions. Out of an abundance of caution, the undersigned elected to treat the motions as ones for summary judgment. The parties were accorded an opportunity to file all materials in support of, and in opposition to, the motions.

Erwin and Santander then filed a joint stipulation for dismissal with prejudice. The stipulation provided the following:

> IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff David Erwin and Defendant Santander Consumer USA Inc. that Plaintiff's claims against Defendant Santander Consumer USA Inc. may be, and hereby are, dismissed on their merits with prejudice and without the award of costs, fees, or any other amount to any party. Plaintiff's claims against Defendant Lyndon Southern Insurance remain pending.

See Docket Entry 21. On the basis of the stipulation, United States District Judge James M. Moody, Jr., deemed Santander's motion to be moot.

Shortly thereafter, Erwin filed a one page document that the Clerk of the Court construed as an objection to the joint stipulation for dismissal with prejudice. In the document, Erwin represented the following: "I David Erwin contest Document #21 [i.e., the joint stipulation for dismissal with prejudice], reason being [that Santander's] lawyer did not hold up to [their] agreement. We did not settle as they said they would do the things, and they did not do it." See Docket Entry 27.

Santander filed a response to Erwin's submission. In the response, Santander represented the following:

> Plaintiff and [Santander] agreed to mutually beneficial settlement terms pursuant to a mutually executed confidential settlement agreement ("Settlement Agreement"). Following completion of certain obligations under the Settlement Agreement, Plaintiff and [Santander] agreed to, and filed, the mutually executed Joint Stipulation of Dismissal with Prejudice on February 8, 2018 ("Stipulation") (Doc. 21).

> As a result of the Stipulation, Plaintiff's claims against [Santander] were fully and finally dismissed. On February 13, 2019, the Court noted the finality of the Stipulation, holding in a subsequent Docket Order that [Santander's] Motion to Dismiss was "moot in light of the parties' joint stipulation of dismissal." (Doc. 24).

4

> Therefore, Plaintiff's "Objection" to Joint Stipulation for Dismissal with Prejudice, filed nearly a month after the Stipulation, is untimely, without merit, and without any legal force or effect.

See Docket Entry 28 at CM/ECF 1-2.

Because Erwin's submission was not a model of clarity, he was asked to clarify it. Because the submission was also bereft of facts, he was also asked to provide some factual support for it. He was cautioned that his obligation to clarify his submission and provide facts to support it did not relieve him of his obligation to file all materials pertinent to Lyndon Southern's motion for summary judgment.

Erwin then filed a one page document that the Clerk of the Court construed as a notice to the court. In the document, Erwin represented the following:

> I, David Erwin, would like to ask the court to help with enforcing the settlement with Santander Consumer USA in Dallas, Texas. Fulbright and Nicholson out of Dallas, TX, was the lawyer, but I talked with a lawyer out of St. Louis, MO. We agreed on a settlement. They were to give me $3500.00 and restore my credit and let me trade in this car that is on the paper stolen and burned. They did not restore my credit and would not let me trade the car in. …

See Docket Entry 32 at CM/ECF 1. He filed a second notice to the court on March 26, 2018, but the document was not fundamentally different from his first notice to the court.

Erwin did not, however, file a response to Lyndon Southern's motion for summary judgment. The time for doing so has now passed.

LYNDON SOUTHERN'S MOTION FOR SUMMARY JUDGMENT. Lyndon Southern filed a statement of material facts, and Erwin did not controvert the facts contained in the

statement. The facts are therefore deemed admitted pursuant to Local Rule 56.1(c). The facts, derived from that statement and other documents, are as follows:

1. On March 3, 2017, Richard Phelps ("Phelps") and Erwin appear to have signed a contract with Honda of Jonesboro for the purchase of a 2015 Kia Optima, Vehicle Identification Number ("VIN") 5XXGM4A7XFG466516, and a loan agreement for the purchase was eventually assigned to Santander. See Docket Entry 14 at CM/ECF 1; Docket Entry 14, Exhibit A.

2. Phelps obtained an insurance policy on the automobile from Lyndon Southern. See Docket Entry 9, Exhibit A at CM/ECF 3.

3. Erwin was listed on the policy as an insured driver. See Docket Entry 9, Exhibit A at CM/ECF 3.

4. The "exclusions" portion of the policy provided, inter alia, that Lyndon Southern would not pay for loss or damages due to the following:

> "… theft under this coverage if evidence exists that forcible entry was not required to gain access to the auto or that evidence exists that keys were left in the auto while it was unattended, or that no evidence exists that that ignition wires, steering column or [starting] mechanism were altered or defeated to operate the auto without keys."

See Docket Entry 9, Exhibit A at CM/ECF 18.

5. On March 23, 2017, Erwin appears to have purchased a 2014 Kia Optima, VIN 5XXGN4A74EG275119, from a Paragould, Arkansas, couple for $15,700.00. See Docket Entry 2 at CM/ECF 9-11.

6. The following day, the 2014 Kia Optima was stolen from a convenience store parking lot. See Docket Entry 30 at CM/ECF 1.

7. A police report was prepared by the Paragould, Arkansas, Police Department, and the report contains the following narrative:

> On March 24, 2017 around 8:45 p.m. I, Ptl. Brandon Simpson was dispatched to Jordan's East in reference to the theft of a vehicle. Upon arrival I made contact with David Erwin that stated he parked the vehicle on the East side of the building. Erwin stated he left the keys in the center console and went inside the store. Erwin stated that [he] never saw his vehicle leave or the person driving. Erwin stated that he had just purchased the vehicle and all the paper work was inside the glove box. Erwin had not yet tagged the vehicle and no tags were on at the time of the theft. I advised Erwin to gather all the information to add to this report.

See Docket Entry 2 at CM/ECF 7-8.

8. The report reflects that the value of the 2014 Kia Optima was estimated to be $8,500.00. See Docket Entry 2 at CM/ECF 7.

9. Following the theft, Erwin made a claim on the policy issued by Lyndon Southern. See Docket Entry 30 at CM/ECF 2.

10. Lyndon Southern began an investigation, during the course of which Erwin represented that he had left the keys to the automobile in the center console when he entered the convenience store. See Docket Entry 30 at CM/ECF 3-4.

11. At the conclusion of the investigation, Lyndon Southern denied the claim and offered two reasons for doing so. See Docket Entry 30 at CM/ECF 2.

12. The claim was denied because the stolen automobile was not the automobile covered under the policy issued by Lyndon Southern. See Docket Entry 30 at CM/ECF 2.

13. The claim was also denied because Erwin left the keys to the automobile in the center console, and the policy issued by Lyndon Southern excluded coverage for theft if "evidence exists that forcible entry was not required to gain access to the auto

or that evidence exists that keys were left in the auto while it was unattended." <u>See</u> Docket Entry 30 at CM/ECF 2.

28 U.S.C. 1332(a)(1) provides that the district courts shall have original jurisdiction of civil actions where the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states. "Generally, a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." <u>See</u> <u>Larkin v. Brown</u>, 41 F.3d 387, 388 (8th Cir. 1994) [quoting <u>St. Paul Mercury Indemnity Co. v. Red Cab Co</u>., 303 U.S. 283, 289 (1938); <u>J.E. Allison v. Security Benefit Insurance Co</u>., 980 F.2d 1213, 1215 (8th Cir. 1992)]. In determining whether a claim is really for less than the jurisdictional amount, the district courts consider whether: "(1) the plaintiff could not, as a matter of law, recover punitive damages, (2) the amount of damages the plaintiff could recover is 'fixed below the jurisdictional amount,' or (3) no reasonable jury could award damages totaling more than the jurisdictional amount under the circumstances." <u>See</u> <u>Mishra v. Coleman Motors, LLC</u>, 2017 WL 994868, 5 (E.D.Mo. 2017) [citing <u>Onepoint Solutions, LLC v. Borchert</u>, 486 F.3d 342, 350 (8th Cir. 2007); <u>Kopp v. Kopp</u>, 280 F.3d 883, 885 (8th Cir. 2002)]. Although punitive damages are included in the amount in controversy, the existence of the required amount must be supported by "competent proof." <u>See</u> <u>Larkin v. Brown</u>, 41 F.3d at 389 [citing <u>Esler v. Northrop Corp</u>., 86 F.R.D. 20, 28 (W.D.Mo. 1979)]. "Indeed, when determining the amount in controversy, 'a claim for punitive damages is to be given closer scrutiny, and the trial judge accorded greater discretion, than a claim for actual damages.'" <u>See</u> <u>Id</u>. [quoting <u>Zahn v. International Paper Co</u>.,

469 F.2d 1033, 1034 n. 1 (2d Cir.1972), aff'd, 414 U.S. 291 (1973)]. See also Rosenbloom v. Jet's America, Inc., 277 F.Supp.3d 1072 (E.D.Mo. 2017).

Here, Erwin's complaint did not contain a prayer for relief. He sought no damages of any kind in his complaint nor did he specify what he was attempting to recover. The prayer for relief portion of his complaint was blank. It was not until he filed his objections to the recommended disposition of his motion for preliminary injunction that he made any mention of his damages or what he was attempting to recover. In his objections, he represented the following: "I did file for punitive damages and time involved and my $18,500 in paperwork, and I ask for the full amount of $75,000.00, plus my car." See Docket Entry 17 at CM/ECF 1.

It is axiomatic that a pro se litigant's pleadings are to be liberally construed. Although it possibly stretches the bounds of that rule to its outer limits, the undersigned incorporates the representation from Erwin's objections to the recommended disposition of his motion for preliminary injunction into the complaint he filed to begin this case. The undersigned therefore finds that Erwin is seeking "punitive damages and time involved and … $18,500 in paperwork and … the full amount of $75,000.00, plus [his] car."

This case involves Lyndon Southern's refusal to pay Erwin for the loss of his Kia Optima. In determining whether his claim is really for less than the jurisdictional amount, the undersigned looks first to whether the amount of damages he could recover is "fixed below the jurisdictional amount." It cannot be said that the amount of damages he could recover is fixed below that amount. Although it is difficult to see how he could recover for his "time involved" and "paperwork," he could obtain

damages equal to the value of his 2014 Kia Optima and the undersigned assumes, without deciding, that the extra-contractual damages he seeks are not fixed.

In determining whether Erwin's claim is really for less than the jurisdictional amount, the undersigned also looks to whether he could not, as a matter of law, recover punitive damages or whether no reasonable jury could award damages totaling more than the jurisdictional amount under the circumstances. Applying the facts of this case to both of those scenarios, the undersigned is convinced that his claim is really for less than the jurisdictional amount.

With respect to punitive damages, the undersigned assumes without deciding that it is possible to recover such damages in a breach of contract case like the one at bar.[3] To clear the jurisdictional bar in this instance, Erwin's claim is dependent upon punitive damages. They are available in the State of Arkansas if he can show the following by clear and convincing evidence:

> Lyndon Southern knew, or should have known, that its conduct would naturally and probably result in damage and that it continued such conduct in reckless disregard of the consequences for which malice may be inferred; or

> Lyndon Southern intentionally pursued a course of conduct for the purpose of causing damage.

---

[3]    "While it is generally true that contract damages do not support a punitive award, they may be awarded where the defendant commits a willful and malicious act in connection with the contract." See Superior Federal Bank v. Jones & Mackey Construction Company, LLC, 93 Ark. App. 317, 219 S.W.3d 643, 654 (2005).

See Arkansas Model Jury Instruction 2218. The undersigned finds as a matter of law that Erwin can make no such showing as the reasons Lyndon Southern gave for denying the claim are plausible. Specifically, it is plausible that the stolen automobile was not the automobile covered under the insurance policy.[4] It is also plausible that Erwin left the keys to the automobile in the center console. There is no evidence that Lyndon Southern knew, or should have known, that its conduct would naturally and probably result in damage and that it continued such conduct in reckless disregard of the consequences for which malice may be inferred. There is also no evidence that Lyndon Southern intentionally pursued a course of conduct for the purpose of causing damage. Thus, the undersigned finds that Erwin could not, as a matter of law, recover punitive damages.

Finally, in determining whether Erwin's claim is really for less than the jurisdictional amount, the undersigned considers whether no reasonable jury could award damages totaling more than the jurisdictional amount under the circumstances. The undersigned assumes without deciding that the value of the 2014 Kia Optima was $15,700.00. The undersigned knows of no legal authority to support an award of damages for "time involved" or "paperwork." Although Erwin could conceivably acquire

---

[4]       There is much confusion regarding whether the stolen automobile was the same automobile covered under the insurance policy. The contract Phelps and Erwin appear to have entered into with Honda of Jonesboro, the loan agreement for which was later assigned to Santander, identified a 2015 Kia Optima, VIN 5XXGM4A7XFG466516. See Docket Entry 14, Exhibit A. The insurance policy written by Lyndon Southern identified the insured automobile as a 2015 Kia Optima, VIN 5XXGM4A7XFG466516. See Docket Entry 9, Exhibit A at CM/ECF 3. As exhibits to the complaint, Erwin attached a title to a 2014 Kia Optima, VIN 5XXGN4A74EG275119, that he apparently purchased from a Paragould, Arkansas, couple on March 23, 2017, and what appears to be a sticker with VIN 5XXGM4A7XFG466516. See Docket Entry 2 at CM/ECF 9-11. The police report identified the stolen automobile as a 2014 Kia Optima, but no VIN was provided. Santander represented in its brief that Erwin purchased a "2014 Kia Optima" and "received a loan from [Santander] in order to make the purchase ..." See Docket Entry 12 at CM/ECF 2. Santander filed the loan agreement for the purchase as an exhibit, but the agreement identified the financed automobile as a 2015 Kia Optima, VIN 5XXGM4A7XFG466516. See Docket Entry 14, Exhibit A. The undersigned will leave it to someone else to determine whether the stolen automobile was the same automobile covered under the insurance policy.

the automobile, it would likely reduce the amount of his recovery by the value of the automobile. And as discussed above, with respect to punitive damages, no reasonable jurist would allow a claim for such damages to move forward, let alone stand, on the facts of this case.  For these reasons, the undersigned finds that no reasonable jury could award damages totaling more than the jurisdictional amount under the circumstances.

The federal courts are courts of limited jurisdiction. "The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." Godfrey v. Pulitzer Publishing Co., 161 F.3d 1137, 1141 (8th Cir.1998) [internal quotations omitted]. In this instance, the undersigned finds to a "legal certainty" that Erwin's claim is really for less than the jurisdictional amount. The undersigned therefore recommends that Lyndon Southern's motion for summary judgment be granted and judgment be entered in its favor.

ERWIN'S OBJECTION TO THE JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE. The resolution of Erwin's objection to the joint stipulation for dismissal with prejudice is governed by Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375 (1994). In that case, the United States Supreme Court held that the enforcement of a settlement agreement is for the state courts, unless there is an independent basis for federal jurisdiction. The Supreme Court observed that "[b]ecause an action to enforce a settlement agreement is a claim for breach of contract, it should be heard in state court unless it has 'its own basis for jurisdiction.'" See Myers v. Richland County, 429 F.3d 740, 745 (8th Cir. 2005) [quoting Kokkonen v. Guardian Life

Insurance Co. of America, 511 U.S. 378]. There is an exception to the foregoing rule, though, and it is as follows:

> if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal-either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order…. a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.

See Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 381. See also Western Thrift and Loan Corp. v. Rucci, 812 F.3d 722 (8th Cir. 2016).

Here, Erwin and Santander filed a joint stipulation for dismissal with prejudice in which they agreed that Erwin's claim against Santander would be dismissed "on their merits with prejudice." The stipulation did not contain the terms of their agreement. On the basis of the stipulation, Judge Moody deemed Santander's motion for summary judgment to be moot. The stipulation was never made a part of any order either by separate provision or by incorporating the terms of the agreement in the order. Because it was not, a breach of the agreement would not violate any order, and ancillary jurisdiction to enforce the agreement does not exist.

It is true that this case remains pending. The same situation was presented in Robinson v. Hilliard, 2017 WL 467500 (E.D.Mo. 2017) (plaintiff and one party entered into settlement agreement they later disputed while case was ongoing). The court there found that because the case had not been dismissed, the court retained jurisdiction over resolution of the settlement agreement for the same reasons it had jurisdiction over the case when it was removed. The court also noted that were it to decide it

lacked jurisdiction over the agreement but maintained jurisdiction over the rest of the case, it would create a peculiar result. The court so observed for the following reason:

> … A state court could find the settlement agreement is enforceable while this suit proceeded to judgment. The two judgments, resolving the same matter, would be in conflict with one another. One of the purposes of ancillary jurisdiction is to enable a court to function successfully and manage its proceedings. …

See Id. at 2. The court therefore maintained jurisdiction over the agreement.

Erwin filed the complaint at bar pursuant to 28 U.S.C. 1332(a)(1) and, having filed it as such, represented that the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states. Although his exact claim against Santander is not a model of clarity, the undersigned finds to a "legal certainty" that the claim is really for less than the jurisdictional amount.[5] The district court never acquired subject matter jurisdiction over this claim in the first instance and, as a corollary, does not now have jurisdiction over Erwin's challenge to the joint stipulation for dismissal with prejudice. Because subject matter jurisdiction has been, and continues to be, lacking, the situation in Robinson v. Hilliard is not present here.

On the basis of the foregoing, the undersigned recommends that Erwin's objection to the joint stipulation for dismissal with prejudice be overruled. Judgment should be entered for Santander.

RECOMMENDATION. It is recommended that Lyndon Southern's motion for summary judgment be granted. It is also recommended that Erwin's objection to the

---

[5]    The undersigned finds for the same reasons that Erwin's claim against Lyndon Southern is really for less than the jurisdictional amount.

joint stipulation for dismissal with prejudice be overruled. This case should be dismissed without prejudice. Judgment should be entered for Lyndon Southern and Santander.

DATED this 4th day of April, 2018.

_____
UNITED STATES MAGISTRATE JUDGE